IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 0 1 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| **ROBERT FOWLER** | ) |
| Plaintiff | ) FEDERAL COURT |
| Vs. | ) CASE NO. 1:09-CV-1451 |
| **CHASE HOME FINANCE, LLC** | ) SUPERIOR COURT |
| Defendant | ) CASE NO. ~~09-~~ |

## COMPLAINT AT LAW AND
## REDEMPTION BY STATUTORY RESCISSION

NOW COMES ROBERT FOWLER the plaintiff, in propria persona and relying on the Federal Rules of Civil Procedures, Fed.R. Civ.P.8(a) to show his complaint against the Defendants

as follows:

### JURISDICTION

Jurisdiction in this action at law is based on the Constitution of the United States and in particular the 7th Amendment as this is a suit at common law. Jurisdiction is further invoked under the Constitution of the State of Georgia and Particular Article 1 Section 1 Paragraph 9 which preserves the right to trial by jury in an action at law and jurisdiction is further invoked under 18 U.S.C. Sec 1964.

### PARTIES TO THE ACTION

1. The Plaintiff in this action is a citizen of the United States and a resident of the State of GA. The Plaintiff name and address is as of follows: Robert Fowler, 3305 Bagley Passage, Duluth, GA 30097. The Defendant in this Complaint is Chase Home Finance, LLC.

Whose Business address is as follows:
Chase Home Finance, LLC
P. O. Box 24696
Columbus, OH 43224

## FACTUAL BACKGROUND

1.

The Plaintiff Robert Fowler exercised his right to a rescind his loan with the Defendant via TILA rescission pursuant to the Truth In Lending Act in March 2009. The Defendant was obligated to either respond to the official written request within 20 days or settle within a 60 day time period. Defandant has failed to accomplish either of the aforementioned requirements. Accordingly, pursuant to the Truth In Lending Act, the Defendant is liable to reimburse the Plaintiff all remedies allowed.

2.

The transaction between plaintiff's assignor and Mr. Fowler were high rate mortgage 9.50% . 15 U.S.C. § 1602(aa)(1)(B). The interest rate cited at closing was substantially higher than what was cited prior to closing.

3.

The transaction on or about November 2007, between plaintiff's assignor and Mr. Fowler, was therefore one in which the provisions of 15 U.S.C. § 1639 and 12 C.F.R. § 226.32 were applicable.

4.

Plaintiff's assignor violated the Truth-in-Lending, *inter alia*,

    a. by failing to provide the disclosures to the consumer required by 15 U.S.C. §§ 1639(a)(1) and (a)(2)(A) and 12 C.F.R. § 226.32(c)(1)/-/(3);

    b. by failing to provide the above disclosures to the consumer required at least three business days prior to the consummation of the transaction, in violation of 15 U.S.C. §§ 1639(b)(1) and 12 C.F.R. § 226.31(c).

    c. by failing to provide accurate disclosures as required by 15 U.S.C. § 1638(a),

and Reg. Z §§ 226.17 and 226.18.

5.

The failure to comply with any provision of 15 U.S.C. § 1639 is deemed a failure to deliver material disclosures for the purpose of 15 U.S.C. § 1635. *See* 15 U.S.C. § 1639(j)

6.

Pursuant to the Truth-in-Lending Act, Mr. Fowler, had an absolute right to cancel the transaction for three business days after the transaction, or within three days of receiving proper disclosures from the defendant, after which he would not be responsible for any charge or penalty.

7.

Plaintiff's assignor's violations of 15 U.S.C. §§ 1638, 1639 and 12 C.F.R. §§ 226.17, 226.18, 226.31 and 226.32, which are considered to be a failure to give all material disclosures, give rise to a continuing right of rescission on the part of Mr. Fowler.

8.

Mr. Fowler hereby elects to rescind the transaction between himself and plaintiff's assignor, pursuant to his continuing right of rescission.

9.

When a consumer elects to rescind pursuant to the Truth-in-Lending Act, any security interest taken in connection with the transaction becomes void. 15 U.S.C. § 1635(b).

10.

When a consumer elects to rescind pursuant to the Truth-in-Lending Act, the consumer is not liable for any finance or other charge. 15 U.S.C. § 1635(b).

11.

The mortgage that is the subject of pending foreclosure action was taken in connection with the transaction that Mr. Fowler has elected to rescind.

12.

Since the mortgage is now void, all foreclosure activity is due to be dismissed.

## RELIEF REQUESTED

1. Plaintiff ask for a court order declaring the mortgage note to be null and void.

2. Plaintiff demand a trial by jury to be composed of 12 members to determine all issues of facts in dispute and to determine and award all damages.

3. Plaintiff ask for compensatory and punitive damages against defendant.

4. Plaintiff asks for refund of all principal, interest, closing costs, and appraisal fees paid to date by defendant.

This 21th day of February 2009.

Respectfully Submitted

*[signature]*

Robert Fowler
Plaintiff
Pro Se

## VERFICATION
### (Affidavit)

The undersigned Affiant Robert Fowler by appellation does here swear declare and affirm that the Affiant executes this affidavit with sincere intent and competently states the matters set forth. I the undersigned being under oath and declare under penalty of perjury, that I do not have an attorney to represent me in this case.   Also that the contents are true, correct, and not misleading to the best of his / her knowledge.

_/s/ Robert Fowler_
Robert Fowler
Plaintiff
Pro Se

IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT FOWLER | ) |
| | ) |
| PLAINTIFF | ) FEDERAL COURT |
| | ) CASE NO: 1 09-CV-1451 |
| VS. | ) |
| | ) SUPERIOR COURT |
| CHASE HOME FINANCE, LLC | ) CASE NO: 09-██████-7 |
| | ) |
| DEFENDANT | ) |

## CERTIFICATE OF SERVICE

I, ROBERT FOWLER, hereby certify that this pleading was served via courier by delivering a true copy to the attorney of record at the address listed below as follows:

This _____ day of June 2009

_____
Robert Fowler
Pro Se

Barrett, Daffin, & Frappier, L.L.P.
4004 Beltline, Building 2
Suite 100
Addison, TX 75001-4417